

Honorable Paul B. Snyder
Chapter 11

| | | |
|---|---|---|
| In re: | ) | No. 10-48021PBS |
| | ) | |
| | ) | DEBTOR'S PLAN OF |
| THOMAS FOUSHEE and VIOLET | ) | REORGANIZATION DATED |
| | ) | JANUARY 15, 2011 |
| FOUSHEE    Debtors, | ) | |

THOMAS FOUSHEE and VIOLET FOUSHEE (FOUSHEE'S), the Debtors, proposes the following Plan of Reorganization.

ARTICLE 1: SUMMARY OF PLAN

This Plan of Reorganization provides for the continued operations by Debtors existing management and ownership, except Molalla Care Facility, LLC (MCF) will be dissolved as part of this reorganization. A new entity will manage operations of the care facility. MCF has reorganized its staff reducing payroll hours thereby reducing future expense of the business operation. Debtors have recently been approved to increase their occupancy of the Assisted Living Facility to provide income revenue and pay all tax claims in installments within 5 years

Debtors' Plan of Reorganization

Dated January 15, 2011                                                                                              1

after the date of the order for relief, and most other creditor claims will be paid in installments within 5 years of the effective date of the plan.

ARTICLE 2: DEFINITIONS

The following terms when used in this Plan shall have the following meanings:

Administrative Claim: An administrative expense (including a professional fee or expense) that is entitled to priority of payment under 11 U.S.C. Sec. 507 (a) (1) and that is allowed under 11 U.S.C. Sec. 503.

Allowed Claim: The amount of a claim, a proof of which was filed within the time fixed by the Court or which was listed on the schedules filed by the debtors (and was not listed thereon as being disputed, contingent or unliquidated), to which no objection is filed or which is allowed by order of the Court.

Court: The United States Bankruptcy Court for the Western District of Washington.

Debtors: Thomas Foushee and Violet Foushee.

Effective Date of the Plan: The date on which the order of the Court confirming the Plan becomes final, non appealable and not subject to stay.

Estate: The estate created under 11 U.S.C. Sec. 541 by reason of the commencement of this case.

Impaired Claim: A claim of which the legal, equitable or contractual right of the holder are altered by the plan.

Plan: The Debtors' Plan of Reorganization Dated January 15, 2011 (i.e., this Plan).

Term of Plan: A period beginning on the effective date of the Plan and ending when all payments and other acts required of the debtors under the Plan have been made.

ARTICLE 3: CLASSIFICATION OF CLAIMS

The claims to be dealt with under the Plan are classified as follows:

Class 1.   MULTI BANK 2009, ICRE a secured creditor

Class 2.   All secured creditors and Lease holders except MULTI BANK 2009,ICRE and Class 3 creditors

Class 3.   Secured Creditors in second position and other secured creditors and disputed unclassed claim – Internal Revenue service and real estate taxes.

Class 4.   Unsecured Claims.

ARTICLE 4: CLASSES OF CLAIMS NOT IMPAIRED BY THE PLAN

Classes 2 and 3are not impaired by the plan.

ARTICLE 5: TREATMENT OF UNIMPAIRED CLAIMS

For Class 2.   Real estate mortgages payments will continue unless modified. Lease payments on secured equipment will be paid as agreed.

For Class 3.   Disputed mortgages in second position to secured creditors will be paid after first mortgages have been paid in full provided that disputed mortgages are determined that debtors are liable.

For unclassed claims will be paid within seven (7) years which is the Molalla Care

Debtors' Plan of Reorganization
Dated January 15, 2011                                                                 3

Facility debt for payroll taxes. Real estate property taxes for Rodeo Acres will be current within two years.

A proposed payment plan has been submitted to the IRS for approval. The payment plan is $3,000 per month. Debtors estimate it will be paid in full within seven (7) years. Claims shall be discharged upon payment in full as provided herin.

## ARTICLE 6: TREATMENT OF IMPAIRED CLAIMS

For Class 1. (impaired only to the extent that there is no interest accruing after the petition filing date and that payments are delayed) the claim will be paid as agreed in Motion to Court for adequate payment. Existing commercial loan with MULTI-BANK 2009,ICRE will be modified as follows: Present interest rate of 7.25% will be adjusted to 6% per annum until maturity of loan. Payment will be $10,500 including principal and interest. Debtors will not pay any modification fees. Debtors agree to pay up to $2500.00 for attorney fees for preparation of modification documents. Loan maturity to be extended one year until 2019. For Class 4. Unsecured claims to be paid within five years at a total amount of $15,000.00.

Claims shall be discharged upon payment in full as provided herein.

## ARTICLE 7: TREATMENT OF ADMNISTRATIVE CLAIMS

Any unpaid past due fees to the United States Trustee's Office and any allowable claims

```
Debtors' Plan of Reorganization
Dated January 15, 2011                                                    4
```

of government agencies for unpaid past due post-petition taxes entitled to priority under 11 USC 507 (a) (1) shall be due and payable immediately upon confirmation of the plan.

All other allowable claims for costs and expenses of administration entitled to priority under 11 USC 507 (a) (1), including fees and expenses of professionals, shall be paid in full equal monthly installments over two years commencing the month following the effective date of the plan, or the month following the approval of such claims by the court whichever is later.

## ARTICLE 8: TREATMENT OF INTERESTS

The interests of Members of LLC of the debtor shall not be affected by the plan, except that no dividends shall be paid to the Members during the term of the plan.

## ARTICLE 9: IMPLEMENTATION OF THE PLAN

The debtor shall retain all of its property and shall operate its business during the period of the plan. The fund for implementing and carrying out the plan shall be provided by the debtor's business operations.

## ARTICLE 10: SALE OF BUSINESS

In the event the debtors sell any assets of the estate proceeds will be paid as listed herein.

After confirmation of the plan, no further order of court shall be required for debtors to retain a marketing agent for the businesses. In the event of sale of all or part of debtors business or assets for an amount that pays off the remaining claims and any remaining administrative expense on the plan in full, no further order of court shall be required.

## ARTICLE 11: RETENTION OF JURISDICTION

The court shall retain jurisdiction over the parties to an the subject matter of the Plan and all matters related thereto until the Plan has been fully consummated and the case closed, or until the case is dismissed or converted to another chapter or withdrawn. Specifically, the court shall retain jurisdiction to interpret and enforce the provision of the Plan, enter orders in aid of consummation of the Plan, and determine the allowance of claims or expenses against the Debtor or the Estate.

## ARTICLE 12: DISCHARGE AND RELEASE

On the effective date of the Plan, the Debtors Thomas Foushee and Violet Foushee, and all property of the Estate shall be discharged and released from liability for any and all claims, debts, liabilities and encumbrances to the full extent provided in 11 USC 1141.

## ARTICLE 13: MISCELLANEOUS PROVISIONS

Management: The Debtors businesses and property shall be managed during the period of the Plan by the debtors' present management, or another management company chosen by debtors.

Property of the Estate: All property of the Estate not dealt with in the Plan shall be deemed the property of the Debtor upon the effective date of the Plan.

Modification of Plan: The Debtor may file and submit modifications of the Plan to the court at any time prior to confirmation in the manner provided in 11 USC 1127. The Debtors may modify the plan after confirmation subject to 11 USC 1127.

Default: If any payment provided for under the Plan is not made on or before the date

specified in the Plan, the Debtor shall have 30 days in which to make the payment before being deemed in default. In the event of default on tax payments, taxing agencies can use remedies within their respective process.

Dated this 15th day of January, 2011

_____
THOMAS FOUSHEE

_____
VIOLET FOUSHEE

Debtors' Plan of Reorganization

Dated January 15, 2011                                                              7

Case 10-48021-PBS    Doc 40    Filed 01/31/11    Ent. 01/31/11 13:17:04    Pg. 7 of 7